(No. 5121- )

MATERIAL SERVICE DIVISION OF GENERAL DYNAMICS CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1964.*

SCHRADZKE, GOULD AND RATNER, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

DOVE, J.

The claim, as set forth in the complaint filed herein, is based upon contracts for work and materials furnished by claimant to the Division of Highways of the Department of Public Works and Buildings of the State of Illinois, and work and materials actually furnished by claimant to the said Division of Highways, which contracts are evidenced by, and which work and materials were billed on invoices attached to the original complaint.

On December 2, 1963, a stipulation was duly entered into by and between claimant and the office of the Attorney General for the State of Illinois. The stipulation provides as follows:

"1. Claimant is a Delaware Corporation and successor by merger to Material Service Corporation (An Illinois Corporation), and is qualified to do business in the State of Illinois; and, by virtue of such merger, plaintiff has succeeded to and is the owner of, and is entitled to exert all claims and rights of said Material Service Corporation, including the claims as set forth in the complaint filed in the above entitled cause.

2. Claimant's exhibits Nos. 1 through 49 are true and correct copies of the documents they purport to be, and that they should be accepted as and admitted into evidence in this matter without further proof.

3. The claim of claimant is based upon contracts for work and materials furnished by claimant to the Division of Highways of the Department of Public Works and Buildings of the State of Illinois. Work and materials were duly furnished by claimant to the said Division of Highways pursuant to various contracts as indicated by general purchase order numbers as set forth in the complaint. Said work and materials were billed on invoices, of which true copies are attached to the complaint filed in this matter, and are marked exhibits Nos. 1-45, inc.; and that the total amount due for work and materials furnished thereunder is Two Thousand Three Hundred Fifty-Three Dollars and Sixty-Eight Cents ($2,353.68).

4. All of the invoices attached to the complaint as exhibits Nos. 1 through 45, inc., are true and correct in setting out work and materials actually and duly furnished by claimant, and accepted by respondent in accordance with the applicable contracts, requirements and regulations. All of the said invoices remain unpaid on statement of account.

5. Claimant presented its claim to the Department of Public Works and Buildings of the State of Illinois, Division of Highways, but, due to some error or oversight, payment was never made. Claimant resubmitted its claim on statement of account, dated December 31, 1960, a copy of which is attached to the complaint filed in this matter, and marked exhibit No. 46, but claimant was informed that these accounts could not be scheduled and vouchered for payment as the biennium appropriations from which they were payable had lapsed.

6. On account of work and materials duly furnished by claimant and accepted by respondent as alleged in the complaint filed herein, there is now due and owing to claimant from respondent the sum of Two Thousand Three Hundred Fifty-Three Dollars and Sixty-Eight Cents ($2,353.68).

7. Claimant, Material Service Division of General Dynamics Corporation, is the owner of all of the claims set forth in the complaint filed herein; no asisgnment or transfer of said claims or any part thereof has been made, and no other person, firm or corporation has an interest therein. Claimant is justly entitled to the amount claimed from the State of Illinois, after allowing all just credits. No part of the amount due to claimant has been

paid, and there is due and owing to claimant from respondent the sum of Two Thousand Three Hundred Fifty-Three Dollars and Sixty-Eight Cents ($2,353.68)."

The only question we now have to pass upon is whether or not an award can be made for the balance due on the contracts, where the appropriation has lapsed before said bills were properly certified for payment.

Where a contract with the State has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; and, (4) adequate funds were available at the time the contracts were entered into, this Court will enter an award for the amount due. *National Korectaire Company* vs. *State of Illinois*, 22 C.C.R. 302. It appears that all qualifications for an award have been met in the instant case.

Claimant is hereby awarded the sum of $2,353.68.